UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ALBERTO RAMON GARDEA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-0234 |
| § | |
| IJEOMA R OMIDELE, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alberto Ramon Gardea (TDCJ #770055) has filed a civil rights complaint under 42 U.S.C. § 1983, concerning a prison disciplinary conviction that was entered against him while he was incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Gardea is *pro se* and he proceeds *in forma pauperis* (Dkt. 5). At the Court's request, he has provided a more definite statement of his claims (Dkt. 7). The Court is required to scrutinize every complaint filed by a plaintiff proceeding *in forma pauperis* and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Gardea is currently confined by TDCJ at the Darrington Unit, where the incident that forms the basis of his complaint occurred (Dkt. 1 at p. 3). Gardea sues the following defendants who were employed by TDCJ at the Darrington Unit when the incident occurred: Officer Ijeoma R. Omidele and Counsel Substitute Tiffeni Y. Lacy (*Id.*).

Gardea explains that on May 9, 2015, he "threw some scrap paper (trash) on the walk way (aka 'run') in front of [his] cell" (*Id.* at p. 4). An officer who is not a defendant in this case (Officer Ezeakwanna) saw Gardea throwing items from his cell and scolded him for "[trashing] the run" (*Id.*). Officer Ezeakwanna subsequently told Officer Omidele, who also scolded Gardea for trashing the run and threatened to file a disciplinary case against him for masturbating in public in violation of prison rules (*Id.* at pp. 4-5).

On May 17, 2015, two weeks after his encounter with Officer Omidele, Gardea was charged in TDCJ Disciplinary Case No. 20150266095 with masturbating in public (*Id.* at p. 5). At a hearing on May 28, 2015, a disciplinary hearing officer found Gardea guilty as charged based on testimony given by Officer Omidele (*Id.* at p. 6). As a result of that conviction, Gardea lost recreation and commissary privileges for 45 days, telephone privileges for 30 days, and 45 days of previously earned good-time credit (Dkt. 7 at p. 1). He was also reduced in classification status from Line 1 to Line 2 (*Id.*).

Gardea contends that Officer Omidele fabricated the disciplinary charges against him in Case No. 20150266095 and that Counsel Substitute Lacy, who represented him at the disciplinary hearing on those charges, failed to present favorable evidence on his

behalf in violation of his right to due process (Dkt. 1 at pp. 6-10). Gardea now seeks damages for the violation of his constitutional rights as well as declaratory and injunctive relief from the disciplinary conviction under 42 U.S.C. § 1983 (*Id*. at pp. 9-10).

## II. STANDARD OF REVIEW

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, however, a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III. DISCUSSION

### A. The Complaint is Untimely

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). This means that Gardea had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Gardea knew or should have known of his claims when the disciplinary charges were

filed against him on May 17, 2015, and the conviction was entered at the hearing on May 28, 2015 (Dkt. 1 at pp. 6-8). However, Gardea did not execute his complaint in this case until July 18, 2017 (*Id*. at p. 11). Because Gardea waited more than two years from the time his claims accrued to file this lawsuit, his pending complaint is untimely and subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

  **B.** **The Complaint Fails to State a Claim**

Alternatively, the complaint must be dismissed because Gardea cannot establish a violation of due process in connection with his disciplinary proceeding. An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first showing that (1) he was eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Although Gardea lost previously earned good-time credit as the result of his disciplinary conviction, he admits that he is not eligible for mandatory supervision (Dkt. 7 at p. 6). Under these circumstances, Gardea cannot establish that he was deprived of a

constitutionally protected liberty interest in connection with the disciplinary charges against him. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 957-59. Because Gardea cannot demonstrate a due process violation in this context, he does not state a valid claim for relief under 42 U.S.C. § 1983 and his complaint must be dismissed for this additional reason.

IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by the plaintiff, Albert Ramon Gardea (Dkt. 1), is **DISMISSED** with prejudice.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512- 936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, this 25th day of May, 2018.

George C. Hanks Jr.
United States District Judge